UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Robert Gargas,                         Case No. 3:20-cv-590

         Plaintiff,

v.                                   MEMORANDUM OPINION
                                        AND ORDER

Estes Express Lines,

         Defendant.

### I.     INTRODUCTION

On March 18, 2020, Plaintiff Robert Gargas filed a Complaint against his former employer, Estes Express Lines, alleging violations of the Family and Medical Leave Act and Ohio law prohibiting discrimination based on disability. (Doc. No. 1). Currently pending before me is a motion for protective order and to quash subpoenas, (Doc. No. 26), and a motion to extend the discovery deadline. (Doc. No. 29). These motions have both been fully briefed.

### II.     BACKGROUND

Gargas was employed by Estes as an hourly combo driver from March 2014 through September 2019, when he was terminated. (Doc. No. 1). In 2017, he was diagnosed with supraventricular tachycardia ("SVT") which causes heart palpitations, shortness of breath, and lightheadedness. Following his diagnosis, he continued to work without issue until May 2019 when Estes changed Gargas' schedule to require him to drive at night. Gargas requested a reasonable accommodation that he not be required to work night or irregular shifts due to his SVT. Gargas alleges Estes refused to engage in the interactive process; and instead, unilaterally placed him on FMLA leave in June 2019 and required him to undergo a sleep study before returning to work.

The parties debate the results of this sleep study, and the medical records and opinion submitted by Gargas' primary care physician in support of both his FMLA leave and work restrictions - particularly, to what extent, if any, they validate Gargas' claim for disability and reasonable accommodation. Regardless, Gargas remained on FMLA leave until August 2019 when Estes requested that he re-certify his leave. Gargas sent documentation to Estes in September 2019 but instead of further leave, was informed by Estes that his FMLA leave was exhausted and his failure to return to work would result in termination. Estes also informed Gargas he would be required to perform a fitness for duty examination in order to be reinstated. Gargas was thereafter terminated.

I originally set a discovery deadline in this matter for May 7, 2021, (Doc. No. 10), but due to delays involving the coronavirus pandemic and the parties' attempt at mediation, I granted their joint motion to extend the discovery deadline to November 1, 2021. (Non-Doc. Entry Aug. 2, 2021). During this period, the parties' also had an ongoing issue regarding Estes' responses to Gargas' written discovery requests and have been unable to resolve the issue. (*See* Doc. Nos. 29-1-4 & 31-3-4)

On September 17, 2021, Gargas filed a motion for protective order and to quash subpoenas served on his subsequent employers after his termination from Estes, including his current employer. (Doc. No. 26). Gargas argued these subpoenas were issued solely to harass him and would not produce evidence relevant to defending against his claims. Estes argued it needed this documentation to substantiate Gargas' disability and to show Gargas did not need the accommodation he requested for his SVT. (Doc. No. 27).

Further, on October 26, 2021, Gargas filed a motion for an extension of the discovery deadline. (Doc. No. 29). Gargas requested the extension because Estes' responses to his written requests were allegedly deficient and without the requested documents, he cannot take the necessary

depositions. Estes opposed this request, claiming Gargas had been dilatory in his attempts at obtaining the necessary discovery. (Doc. No. 30).

### III. STANDARD

A district court has the authority to limit the scope of discovery where necessary. *See* Fed. R. Civ. P. 26(b). Although a party is free to seek discovery of necessary information to support its claims or defenses, the court retains discretion to prevent overly broad or burdensome fishing expeditions. *See Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007). To that end, a protective order may issue to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c)(1).

"To sustain a protective order under Rule 26(c), the moving party must show 'good cause' for protection from one (or more) harms identified in Rule 26(c)(1)(A) 'with a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" *In re Ohio Execution Protocol Litig.,* 845 F.3d 231, 236 (6th Cir. 2016) (quoting *Serrano v. Cintas Corp.*, 699 F.3d 884, 901 (6th Cir. 2012)). "Good cause exists if 'specific prejudice or harm will result' from the absence of a protective order." *Id.*

Federal Rule of Civil Procedure 45(d)(3) provides, in relevant part, a court may quash or modify a subpoena that "requires disclosure of privileged or other protected matter." In evaluating a motion to quash, the court may consider "whether (i) the subpoena was issued primarily for purposes of harassment, (ii) there are other viable means to obtain the same evidence, and (iii) the information sought is relevant, nonprivileged, and crucial to the moving party's case." *Coultas v. Carlisle Brake & Friction, Inc.,* No. 1:16-cv-2598, 2018 WL 9869746, at *4 (N.D. Ohio Mar. 30, 2018).

Federal Rule of Civil Procedure 16(b)(4) permits the modification of a case management schedule with "good cause and with the judge's consent." In determining whether to amend a scheduling order to allow for additional discovery, the court may consider: (1) when the moving

party learned of the issue that is the subject of discovery; (2) how the discovery would affect the ruling below; (3) the length of the discovery period; (4) whether the moving party was dilatory; and (5) whether the adverse party was responsive to prior discovery requests. *Dowling v. Cleveland Clinic Found.*, 593 F.3d 472, 478 (6th Cir. 2010).

## IV.  ANALYSIS

### A. Motion for Protective Order and to Quash Subpoenas

Estes' subpoenas seek information from Gargas' subsequent and current employers regarding his work schedules, time-card records, driver qualifications, and any information from their employment files regarding Gargas' alleged disability. Gargas argues these subpoenas are improper because they seek information that occurred after his termination from Estes and thus, is not relevant to his claims against Estes and the alleged reason for his termination. Estes disagrees, arguing these records will bolster their defense that no reasonable accommodation was necessary for Gargas' claimed disability.

I agree with Estes that the information sought may be relevant to their defense of this matter. Gargas' disability, and its effect on his ability to perform the work, are essential to Gargas' claims and both are in dispute by the parties. As such, Estes is entitled to investigate potential defenses to these claims, including, to what extent Gargas has (or has not) performed similar work without accommodation. *See Quinn v. ConAgra Foods Packaged Foods LLC*, No. 3:09-cv-214, 2010 WL 3603780 (S.D. Ohio Sept. 10, 2010) (denying motion to quash subpoena to subsequent employer where information sought may be relevant to defenses in ADA accommodation case). Further, the subpoena requests are narrowly tailored to seek information relevant to this alleged defense. Thus, I deny Gargas' motion for a protective order and to quash the subpoenas. (Doc. No. 26).

### B. Motion for Extension of Discovery Period

As for Gargas' request to extend the discovery deadline, I find there is good cause to grant the requested 90-day extension. It is evident from the briefing that these parties have very different viewpoints regarding the facts of this case – and their significance to the ultimate issues. And while this difference is acceptable, it does not negate the parties' obligations to participate fully and promptly in the discovery process.

Upon review, Estes' responses to Plaintiff's written discovery requests, particularly the revised set of written discovery issued on October 1, 2021, are deficient and evidence the sort of generalized objections that are common cause for delay. For example, Estes copied and pasted the same objection to every interrogatory posed by Gargas in his revised set of requests. (*See* Doc. No. 31-3). But Estes is not alone in its shortcomings. Gargas also bears responsibility in this current dispute for his less than diligent attempts to resolve the outstanding issues raised by his deficiency letter and Estes' subsequent response.

Thus, after reviewing the factors and documents submitted by the parties in support of their positions and the procedural posture of this matter, I grant Gargas' motion for an extension of the discovery period. (Doc. No. 29).

### V. CONCLUSION

Plaintiff's motion for protective order and to quash subpoenas issued by Defendant is denied. (Doc. No. 26). Plaintiff's motion for an extension of the discovery period is granted and the discovery period is extended for 90 days from the date of this order. (Doc. No. 29). The parties are ordered to meet and confer[1] within 14 days of this Order regarding the outstanding issues in discovery. Following this conference, the parties shall jointly submit a summary of this conference

---

[1] The parties may conduct this conference electronically or telephonically to facilitate compliance.

5

and a proposed discovery plan within 7 days of the meeting.[2] Counsel are advised for the remainder of this litigation to take seriously their obligation to participate in good-faith, and any evidence of a failure to do so may result in the Court taking appropriate action.

    So Ordered.

s/ Jeffrey J. Helmick  
United States District Judge

---

[2] While this statement shall be submitted jointly, where necessary, the parties may succinctly state their positions on disputed topics of discovery for the court's review. This statement should be provided to Chambers at helmick_chambers@ohnd.uscourts.gov